UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CJ TROPICAL CORP.,                              :
                                                :     **ORDER DENYING PLAINTIFF'S**
                              Plaintiff,        :     **MOTION FOR DEFAULT**
         -against-                              :     **JUDGMENT**
                                                :
GOLDEN PRODUCE LLC, GOLDEN                      :     23 Civ. 4781 (AKH)
PRODUCE III CORP., and WILSON                   :
HENRIQUEZ,                                      :
                                                :
                              Defendants.       :
                                                :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff CJ Tropical Corporation ("CJ"), a wholesale produce seller, moves for a default judgment against defendants Golden Produce LLC and Golden Produce III (the "Golden defendants"), and the Golden defendants' owner, Wilson Henriquez, for failure to plead or otherwise defend in a timely manner, under Fed. R. Civ. P. 55(b)(2). For the below reasons, the motion is denied.

        Plaintiff sues under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. §499(e) ("PACA") and state contract law for Defendants' failure to pay for $17,628.10 in produce it delivered between December 8, 2022 and January 6, 2023. Plaintiff sought a preliminary injunction over the trust's assets on June 28, 2023, which I granted on July 13, 2023. Defendants thereafter defaulted by failing to file Answers. The Clerk of Court entered an entry of default against each Defendant. ECF Nos. 36, 37, 38. Plaintiff now moves for default judgment.

1

**LEGAL STANDARD**

A defendant must serve an answer to a complaint within twenty-one days of being served with the summons and complaint, or sixty days if it has timely waived service under Rule 4(d). Fed. R. Civ. P. 12(a)(1)(A)(i)(ii). Rule 55(a) states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A defendant must receive advance notice of a motion to dismiss only if it has previously appeared. Fed. R. Civ. P. 55(b)(2). Moreover, if the defendant is a minor or an incompetent person, default judgment is only appropriate if the defendant is represented. *Id.* A party's default concedes all well pleaded allegations of liability except those related to damages, *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), subject to the court's review for prima facie merit, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

Upon my review, Plaintiff's motion has a fatal flaw, possibly remediable, and plaintiff cannot be awarded judgment unless the flaw is remedied.

**DISCUSSION**

Plaintiff has presented sufficient proof that defendants were properly served and that more than sixty days have elapsed and none of these defendants has answered the complaint, paid Plaintiff, or filed any motions under Rule 12. Since none of the defendants have appeared, no advance notice of this motion is necessary. Also, none is an incompetent person or a minor.

Under PACA, 7 U.S.C. § 499(e)(c)(2), a "trust is formed at the moment the produce is shipped to the buyer and remains in effect until the seller is paid in full."

2

*D'Arrigo Bros. Co. of New York, Inc. v. KNJ Trading Inc.*, 19 Civ. 1129 (AJN), 2020 WL 2060355, at *3 (S.D.N.Y. Apr. 29, 2020).  However, an unpaid seller like Plaintiff "shall lose the benefits of such trust" unless it provides the specific notice required by the statute. 7 U.S.C. § 499e(c)(3). [1]

The complaint alleges that its invoices provided requisite notice, but these invoices are not attached to the complaint; only statements of account referring to invoices. And these statements do not show notice.  Furthermore, Plaintiff's counsel's declaration does not repair the problem.  ECF No. 1, Exs. 1, 2; ECF No. 40, Exs. 2, 3; *See TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 592–93 (S.D.N.Y. 2013) ("If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true.").  Because Plaintiff failed to preserve its trust benefits, it cannot recover under PACA.

Without PACA, there is no federal question.  If plaintiff is not able to renew its motion showing the requisite notice, supplemental jurisdiction also will not be exercised.  *See* 28 U.S.C. § 1367(c)(1); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003).

---

[1] Under 7 U.S.C. § 499(c)(4), the face of the invoice must state: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

## CONCLUSION

Plaintiff's motion for default judgment is denied, with leave to renew in 14 days.

The Clerk shall terminate the open motion at ECF No. 39 and mark the case closed.

    SO ORDERED.

Dated:    May 1, 2024  
           New York, New York

                                  ALVIN K. HELLERSTEIN  
                                  United States District Judge